UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

EDDIE LAMONT VIRGIL,

        Plaintiff,

v.                                               Case No. 18-C-2021

RACINE COUNTY JAIL HEALTH
SERVICE MEDICAL DEPARTMENT,

        Defendant.

## SCREENING ORDER

Plaintiff Eddie Lamont Virgil, a pro se inmate at the Racine County Jail, filed a complaint under 42 U.S.C. § 1983 alleging that the defendant violated his constitutional rights by failing to treat his dental pain. This matter is before the court on Virgil's motion to proceed without prepaying of the filing fee, ECF No. 2, and for screening of his complaint, ECF No. 1.

This case is currently assigned to U.S. Magistrate Judge David E. Jones; however, because not all parties have had the opportunity to consent to magistrate judge jurisdiction, the case was randomly referred to a U.S. District Court judge for the limited purpose of screening the complaint. Thus, this order resolves Virgil's motion and screens his complaint.

**MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE**

The Prison Litigation Reform Act applies to this case because the plaintiff was incarcerated when he filed his complaint. 28 U.S.C. § 1915. That law allows a court to give an incarcerated plaintiff the ability to proceed with his lawsuit without prepaying the civil case filing fee as long as he meets certain conditions. One of those conditions is that the plaintiff pay an initial partial filing

fee. § 1915(b). Once the plaintiff pays the initial partial filing fee the court may allow him to pay the balance of the $350.00 filing fee over time through deductions from his prisoner account. *Id.*

On December 27, 2018, the court ordered Virgil to pay an initial partial filing fee of $3.66. ECF No. 5. Virgil submitted a payment of $4.00 on January 24, 2019. Consequently, the court will grant Virgil's motion. He will be required to pay the remainder of the $350.00 filing fee over time in the manner described at the end of this Order.

### SCREENING THE PLAINTIFF'S COMPLAINT

**A.      Federal Screening Standard**

The law requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. § 1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983 the plaintiff must allege that 1) he was deprived of a right secured by the Constitution or laws of the United States, and 2) the deprivation was caused by the defendants acting under color of state law. *Buchanan-Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of North Fond du Lac*, 384

F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

**B.     The Plaintiff's Allegations**

Virgil alleges that since November 29, 2018, he has been experiencing extreme pain in his mouth and swelling of his face due to a hole in one of his back-left teeth. He states that the hole has caused the entire left side of his face to swell and that he rates the pain from the hole at a level of ten. He specifically states that "it hurts behind [his] ear" and his "lip has no feeling." ECF No. 1 at 4.

Virgil asserts that he wrote to the health services unit (HSU) about the problem on December 1, 2018. On December 2, 2018, he alleges Nurse Amanda (last name unknown) started him on medication for the pain and swelling by giving him two pills for the swelling and two pills for the pain. He states he was told that more medication would come later that day on the night cart. Virgil alleges he did not receive any medication that night but that he received the medication on the morning cart.

Virgil, nonetheless, wrote again to the HSU because the medications were not working, and the pain was getting worse. He states he spoke with someone on December 3, 2018, who told him that he would receive salt and medication the following morning.

On December 4, 2018, Virgil spoke with Nurse Kendra (last name unknown) and told her that the medication was ineffective and his swelling was not reducing. That night when medications were passed out, he was given only medication for the swelling and none for his pain. Virgil claims

3

that Nurse Kendra took away his pain medication because he complained to her that it was not working.

The next morning, December 5, 2018, Virgil states he told a correctional officer about the issue. In response, the officer asked Virgil "why [Virgil] was telling him" this and stated that "it's not [the officer's] problem." *Id.* at 6.

Virgil says he was ultimately not given anything for the pain on December 5, 2018, and that Nurse Kendra told him that he was scheduled to be seen the following day.

On December 6, 2018, Virgil was given salt for the pain and told new medications would be on the night cart for him. He alleges, however, that at least until December 10, 2018, he was still suffering extreme pain, swelling, and numbness in his lips.

Virgil seeks injunctive relief, in the form of having his tooth filled or removed, and compensatory and punitive damages for his pain and suffering.

**C. Analysis**

"The Eighth Amendment safeguards the prisoner against a lack of medical care that 'may result in pain and suffering which no one suggests would serve any penological purpose.'" *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011) (quoting *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 828 (7th Cir. 2009)). If prison officials are "deliberately indifferent to prisoners' serious medical needs," *id.*, or they "act with 'deliberate indifference' to a substantial risk of serious harm to an inmate['s]" health or safety, *Brennan*, 511 U.S. at 828 (citation omitted), then they violate the Constitution. To prevail on an Eighth Amendment deliberate indifference claim, a prisoner "must first establish that his medical condition is objectively, 'sufficiently serious,'; and second, that prison officials acted with a 'sufficiently culpable state of mind,'—i.e., that they both

4

knew of and disregarded an excessive risk to inmate health." *Lewis v. McLean*, 864 F.3d 556, 562–53 (7th Cir. 2017) (quoting *Farmer*, 511 U.S. at 834 (internal citations omitted)).

An objectively serious medical condition is "a condition that has either been diagnosed by a doctor as mandating treatment or one that is so obvious that even a lay person would easily recognize the need for a doctor's attention." *Greene v. Pollard*, 335 F. App'x 612, 614 (7th Cir. 2009) (citing *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005)). "Tooth decay can constitute an objectively serious medical condition because of pain and the risk of infection." *Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010); *see Board v. Farnham*, 394 F.3d 469, 480–81 & n.4, 482–83 (7th Cir. 2005) (noting tooth decay and gum infection are objectively serious harms). Virgil alleges he has a hole in one of his teeth that is causing him extreme pain and swelling. Thus, his allegations satisfy the objective prong for stating a claim of deliberate indifference.

Regarding the second element of a deliberate indifference claim, such a claim requires a plaintiff to allege that the defendants were essentially criminally reckless, that is, they ignored a known risk. *Armato v. Grounds*, 766 F.3d 713, 721 (7th Cir. 2014); *McGee v. Adams*, 721 F.3d 474, 480–81 (7th Cir. 2013). A state officer is deliberately indifferent when he does nothing, *Hankins v. Lowe*, 786 F.3d 603, 605 (7th Cir. 2015), or when he takes action that is so ineffectual under the circumstances that deliberate indifference can be inferred. *Burke v. Johnston*, 452 F.3d 665, 669 (7th Cir. 2006) (citing *Moore v. Tartler*, 986 F.2d 682, 686 (3d Cir. 1993)). To be sure, inadvertent error, negligence, gross negligence, or even ordinary malpractice are insufficient grounds for invoking the Eighth Amendment. *Vance v. Peters*, 97 F.3d 987, 992 (7th Cir. 1996). However, prison medical staff demonstrate deliberate indifference when they pursue treatment "so blatantly inappropriate as to evidence intentional mistreatment." *Arnett v. Webster*, 658 F.3d 742,

751 (7th Cir. 2011). Moreover, "[a] delay in treatment may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010).

Virgil asserts his claim improperly against the Racine County Jail Health Service Medical Department. This entity is not subject to suit under §1983 for monetary damages. Section 1983 allows a plaintiff to sue a "person" who, acting under color of law, violates his constitutional rights. For monetary relief purposes, the Racine County Jail Health Service Medical Department is not a person under the statute. *See West v. Waymire*, 114 F.3d 646, 646-47 (7th Cir.1997) (noting that Indiana municipal police departments lacked capacity to be sued). Accordingly, all claims against the Racine County Jail Health Service Medical Department are dismissed.

Normally, the failure to sue the proper party would result in a dismissal of the case. In cases brought by prison or jail inmates, however, the court has a duty to provide the plaintiff with an opportunity to amend the complaint and even assist the plaintiff in identifying the proper defendants if it appears his claim may be meritorious. *See Donald v. Cook Cty. Sheriff's Dep't.*, 95 F.3d 548, 555 (7th Cir. 1996) ("Numerous cases in this and other circuits have established that, when the substance of a pro se civil rights complaint indicates the existence of claims against individual officials not specifically named in the caption of the complaint, the district court must provide the plaintiff with an opportunity to amend the complaint. To the extent the plaintiff faces barriers to determining the identities of the unnamed defendants, the court must assist the plaintiff in conducting the necessary investigation.").

Here, it appears from his complaint that Virgil may have a claim for deliberate indifference to his tooth pain against one or more members of the jail medical staff, as well as a claim for

6

injunctive relief . Virgil's claim for injunctive relief is more properly brought against the Sheriff of Racine County in his official capacity, since it is the Sheriff who is responsible for meeting the essential needs of those placed in his custody. The caption will therefore be amended to name the Sheriff of Racine County in his official capacity as the real party in interest, and the Clerk is directed to add his name to the caption. *See* Fed. R. Civ. P. 17(c).

A claim for monetary damages requires the personal involvement of the defendant, however, and there is no indication that the Sheriff would have been aware of Virgil's complaints. Virgil alleges that he told Nurse Kendra (last name unknown) about the severe pain he was experiencing on several occasions, but that she failed to take any action to relieve his pain. Despite his complaints, he contends that he was not provided any effective pain medication and he is still having significant pain and discomfort. This is sufficient, at least at this stage, to state a claim for deliberate indifference against her. Accordingly, Nurse Kendra will be added to the caption as well, with the understanding that her full name may be added once she is identified.

Virgil's complaint also refers to an unidentified non-medical correctional officer at the jail to whom he reported his pain. The officer responded by asking Virgil why he was telling him this. This is not enough to state a claim against the officer. Virgil had already reported his problem to the medical staff, and it is the medical staff's responsibility to provide necessary medical and dental care to prisoners. Non-medical correctional staff may rely on expert care afforded by medical professionals: "'If a prisoner is under the care of medical experts . . . a non-medical prison official will generally be justified in believing that the prisoner is in capable hands.'" *Greeno*, 414 F.3d at 656 (quoting *Spruill v. Gillis*, 372 F.3d 218, 236 (3d. Cir. 2004)). This is because "[b]ureaucracies divide tasks; no prisoner is entitled to insist that one employee do another's job," and the Warden

of each prison "is entitled to relegate to the prison's medical staff the provision of good medical care." *Burks v. Raemisch*, 595 F.3d 592, 595 (7th Cir. 2009). Virgil was receiving treatment for his tooth-related issues from the jail's medical staff and there was an established method, namely HSRs, by which he could inform the medical staff about any issues.

## CONCLUSION

**THEREFORE, IT IS ORDERED** that the plaintiff's motion to proceed without prepayment of the filing fee (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Racine County Jail Health Services Medical Department is **DISMISSED** as a defendant.

**IT IS FURTHER ORDERED** that Racine County Sheriff Christopher Schmaling, in his official capacity, and Nurse Kendra (last name unknown) in her individual capacity are **ADDED** as defendants.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon Racine County Sheriff Christopher Schmaling and Nurse Kendra (last name unknown) pursuant to Federal Rule of Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals will give the plaintiff information on how to remit payment. The court is not involved in collection of the fee.

**IT IS FURTHER ORDERED** that copies of the complaint and this order be sent to the Racine County Jail Administrator as well as the Racine County Corporation Counsel.

**IT IS FURTHER ORDERED** that defendant Nurse Kendra and the Racine County Sheriff shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the agency having custody of Virgil shall collect from his institution trust account the $346.00 balance of the filing fee by collecting monthly payments from Virgil's prison trust account in an amount equal to 20% of the preceding month's income credited to his trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency shall clearly identify the payments by the case name and number. If Virgil transfers to another county, state, or federal institution, the transferring institution shall forward a copy of this order, along with his remaining balance, to the receiving institution.

**IT IS FURTHER ORDERED** that the parties may not begin all other discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that Virgil shall submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter. As each filing will be electronically scanned and entered on the

docket upon receipt by the clerk, Virgil need not mail copies to the defendants. All defendants will be served electronically through the court's electronic case filing system. Virgil should also retain a personal copy of each document filed with the court.

Virgil is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

**IT IS FURTHER ORDERED** that this case be **RETURNED** to United States Magistrate Judge David E. Jones for further proceedings.

**SO ORDERED** this 5th day of February, 2019.

                                          s/ William C. Griesbach
                                          William C. Griesbach, Chief Judge
                                          United States District Court